```
MICHAEL J. GROBATY, SBN 126140
mgrobaty@grobatypitet.com
CHRISTOPHER L. PITET, SBN 196861
cpitet@grobatypitet.com
CYNTHIA L. IGNATUK, SBN 205026
cignatuk@grobatypitet.com
GROBATY & PITET LLP
100 Bayview Circle, Suite 210
Newport Beach, California 92660
Telephone: (949) 502-7755
Facsimile: (949) 502-7762

Attorneys for Plaintiff
ALICE SMITHEN
```

FILED
2009 JAN 16 PM 4:31
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

CV09-0414 GW PJWx

| | |
|---|---|
| ALICE SMITHEN, an individual, | CASE NO. |
| Plaintiff, | COMPLAINT FOR: |
| v. | (1) WRONGFUL DEATH; AND |
| UNITED STATES OF AMERICA; MATTHEW ITKOWITZ, an individual; and DOES 1 through 50, inclusive, | (2) VIOLATION OF UNITED STATES CONSTITUTIONAL RIGHTS |
| Defendants. | DEMAND FOR JURY TRIAL |

Plaintiff Alice Smithen alleges as follows:

## I.
### JURISDICTION

1. Plaintiff Alice Smithen ("Plaintiff") is an individual residing in the County of Riverside, California.

2. Defendant UNITED STATES OF AMERICA ("USA") is a sovereign entity subject to the United States Constitution and federal statutory and common law.

3. Defendant Matthew Itkowitz ("ITKOWITZ") is an individual whose current residence is presently unknown. Itkowitz is, and at all relevant times was, employed as a Deputy United States Marshal and, as such, his conduct is governed by the United States Constitution, and federal statutory and common law. His conduct is also governed by state common law.

4. This case alleges tort claims against the USA. Therefore, this Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(b). Additionally, this Complaint alleges constitutional claims against Defendant Itkowitz. Therefore, this Court also has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II.

### VENUE

5. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions occurred within this judicial district.

## III.

### COMPLIANCE WITH FEDERAL TORT CLAIMS ACT

6. Plaintiff has complied with the administrative jurisdictional requirements of 28 U.S.C. §§ 2401(b) and 2675(a) by filing an administrative claim with the United States Marshal Service, via certified mail, on April 17, 2008. To date, The United States Marshal Service has not made a final disposition of Plaintiff's claims. Thus, Plaintiff's claims are deemed denied for purposes of the notice requirements imposed by the Federal Tort Claims Act.

2

## IV.

## ALLEGATIONS COMMON TO ALL CLAIMS

### A. The Plaintiff

7. Plaintiff Alice Smithen is the natural mother of Ryan Daniel Gonzalez ("Ryan"), who was killed as a result of being shot multiple times by Defendant Itkowitz, a Deputy United States Marshal.

### B. The Unlawful Killing of Ryan Gonzalez

8. Ryan, born May 21, 1981, was employed as a manager at a tattoo studio in North Hollywood. On March 5, 2008, at approximately 11:30 a.m., Ryan closed the studio and exited the rear door, which leads into an alley running east and west between Poinsettia Place and Fuller Avenue immediately north of Melrose Avenue in the City and County of Los Angeles.

9. Another studio employee and two female customers accompanied Ryan as he left the studio. As the group walked toward one of their cars in the alley, they saw and heard a man and a woman in a heated argument several feet away. The man was later identified as Deputy Itkowitz, a Deputy United States Marshal.

10. When the argument between Deputy Itkowitz and the female escalated, the female ran to Ryan and the other screaming "help me, help me." She then proceeded to jump into the car into which the two customers had already gotten, screaming again "help me, help me,... my boyfriend."

11. Ryan immediately went to stop Itkowitz from following and possibly hitting the female. At that point Itkowitz and Ryan became engaged in a verbal/physical fight. Shortly thereafter, Itkowitz produced a gun. Plaintiff is informed and believes that this was

Grobaty & Pitet
LLP

3

the service weapon that Itkowitz used in the course and scope of his employment as a Deputy United States Marshal.

12. Ryan immediately raised his hands and backed away from Itkowitz. As Ryan backed away, he turned his back on Deputy Itkowitz, who then shot Ryan several times. Ryan then began running away from Itkowitz, who followed Ryan and shot him several more times in the back.

13. After suffering multiple gunshot wounds, Ryan stumbled out to the sidewalk where he collapsed. Itkowitz then fled the scene, leaving Ryan, who was still alive at this time, lying on the sidewalk. Minutes later, the police arrived and put Ryan into handcuffs, face down on the sidewalk. No medical treatment was given to Ryan.

14. Shortly thereafter, Ryan's fellow employee asked an officer if he could speak to Ryan. The officer stated that Ryan seemed to be "out of it, groaning a lot, so he won't be able to tell you much." Only after the employee objected to the denial of medical treatment to Ryan did the officers allow paramedics to treat Ryan. Ryan later died as a direct result of the multiple gunshot wounds inflicted by Itkowitz.

V.

**RESPONDEAT SUPERIOR AND DOE ALLEGATIONS**

15. At the time of the events described above, Itkowitz was employed as a Deputy United States Marshal. Upon information and believe, Itkowitz was in possession of a weapon issued to him by the United States Marshal's Office and was required to carry that weapon at all times, even when off duty, as a condition of his employment. Plaintiff alleges then when Itkowitz shot Ryan, then chased him and

Grobaty & Pilat
LLP

4

shot him again, he was doing so under color of authority as a federal agent, rather than an ordinary bystander. Under these circumstances, Plaintiff alleges that Itkowitz was acting within the course and scope of his employment as a Deputy United States Marshal when he fatally injured Ryan. Accordingly, Defendant USA is liable for Plaintiff's damages under the doctrine of respondeat superior

16. Plaintiffs do not know the true names of defendants DOES 1 through 50, inclusive, and therefore sue them by those fictitious names. Plaintiffs are informed and believe, and on the basis of that information and belief allege, that each of those defendants was in some manner proximately responsible for the events and happenings alleged in this complaint and for Plaintiff's damages.

17. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, Defendants were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

## VI.

### FIRST CLAIM FOR WRONGFUL DEATH

**(Against All Defendants)**

18. Plaintiff hereby incorporates as though set forth in full the allegations set forth in paragraphs 1 through 17 above.

19. Plaintiff Alice Smithen was the parent of decedent. The decedent had no surviving issue and no other heirs, and Plaintiff was and is the person who would be entitled to the property of the decedent by intestate succession. Pursuant to the provisions of California Civil Procedure Code Section 377.60(a), plaintiff is

Grobaty & Pitet LLP

entitled to maintain this action for the damages sustained as a result of the wrongful death of decedent.

20. On March 5, 2008, at approximately 11:30 a.m., in the vicinity of Poinsettia Place and Fuller Avenue immediately north of Melrose Avenue in the City and County of Los Angeles., Defendant Itkowitz repeatedly shot decedent, proximately causing decedent's death on March 5, 2008.

21. The injuries so inflicted resulted in the decedent's death.

22. As a further direct and proximate result of the foregoing death of the deceased, Plaintiff has been deprived of a kind and loving son and of care, comfort, companionship, love, protection, advice, society, physical assistance, and financial support.

23. As a further direct and proximate result of the foregoing, Plaintiff has been generally damaged in a sum to be established according to proof.

24. As a further direct and proximate result of the death of the deceased, Plaintiff has incurred reasonable and necessary expenses for decedent's funeral, burial, and memorial services to their damage in a presently unascertained sum. Plaintiff requests permission to insert the amount when it is finally determined.

25. In so injuring the decedent, the Defendant Itkowitz acted with oppression, fraud, and malice, and therefore is liable for punitive damages.

26. In the event it is determined that Itkowitz was not acting within the course and scope of his employment at the time of the wrongful acts described above, then he is personally liable for the damages being sought in this Complaint.

## VII.

## SECOND CLAIM FOR VIOLATION OF CONSTITUTIONAL RIGHTS

### (Against Defendant Itkowitz and Doe Defendants)

27. Plaintiff hereby incorporates as though set forth in full the allegations set forth in paragraphs 1 through 26 above.

28. On March 5, 2008, at approximately 11:30 a.m., in the vicinity of Poinsettia Place and Fuller Avenue immediately north of Melrose Avenue in the City and County of Los Angeles., Defendant Itkowitz repeatedly shot decedent, proximately causing decedent's death on March 5, 2008.

29. In committing the acts described above, Defendants violated the rights guaranteed to Ryan under the United States Constitution.

30. The injuries so inflicted on the decedent resulted in the decedent's death.

31. As a further direct and proximate result of the foregoing death of the deceased, Plaintiff has been deprived of a kind and loving son and of care, comfort, companionship, love, protection, advice, society, physical assistance, and financial support.

32. As a further direct and proximate result of the foregoing, Plaintiff has been generally damaged in a sum to be established according to proof.

33. As a further direct and proximate result of the death of the deceased, Plaintiff has incurred reasonable and necessary expenses for decedent's funeral, burial, and memorial services to their damage in a presently unascertained sum. Plaintiff requests permission to insert the amount when it is finally determined.

Grobaty & Pitet LLP

34. In so injuring the decedent, the Defendant Itkowitz acted with oppression, fraud, and malice, and therefore is liable for punitive damages.

## VIII.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general damage according to proof;
2. For special damages according to proof;
3. For an award of exemplary damages;
4. For pre and post judgment interest according to law;
5. For costs of suit incurred; and
6. Such other and further relief as the Court deems just and proper.

Dated: January 15, 2009

MICHAEL J. GROBATY
CHRISTOPHER L. PITET
CYNTHIA L. IGNATUK
GROBATY & PITET LLP

By: _____
Christopher L. Pitet

Attorneys for Plaintiff
Alice Smithen

Grobaty & Pitet LLP

## DEMAND FOR JURY TRIAL

Plaintiff Alice Smithen hereby demands a trial by jury on all issues triable by a jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

MICHAEL J. GROBATY
CHRISTOPHER L. PITET
CYNTHIA L. IGNATUK
GROBATY & PITET LLP

By: _____
        Christopher L. Pitet

Attorneys for Plaintiff
ALICE SMITHEN

Grobaty & Pitet LLP