UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALICE SMITHEN, | No. CV 09-0414 GW (PJWx) |
| Plaintiff, | ~~[PROPOSED]~~ **PROTECTIVE ORDER** |
| v. | NOTE: CHANGES MADE BY THE COURT |
| UNITED STATES OF AMERICA, MATTHEW ITKOWITZ, et al., | **UNDER SEAL FILINGS GOVERNED BY LOCAL RULE 79-5.** |
| Defendants. | |

IT IS HEREBY ORDERED:

1.    In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").  Confidential information is information which has not been made public and which concerns or relates to sensitive documents, including personnel files or other information subject to the Privacy Act (codified at 5 U.S.C. § 552a), law enforcement techniques, policies and procedures, and criminal investigative files.  By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the

designation within the meaning of Federal Rule of Civil Procedure 26(g).

2.   Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.  Stamping a CD/DVD "CONFIDENTIAL" on its label shall designate the contents of the entire CD/DVD as confidential, unless otherwise indicated by the producing party.

3.   Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4.   Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5.   Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons designated below:

1      (a)   a party, or an officer, director, or employee of a

2             party deemed necessary by counsel to aid in the

3             prosecution, defense, or settlement of this action;

4      (b)   experts or consultants (together with their clerical

5             staff) retained by such counsel to assist in the

6             prosecution, defense, or settlement of this action;

7      (c)   court reporter(s) employed in this action;

8      (d)   a witness at any deposition or other proceeding in this

9             action; and

10    (e)   any other person as to whom the parties in writing

11           agree.

12     Prior to receiving any Confidential Material, each

13 "qualified person" shall be provided with a copy of this Order

14 and shall execute a nondisclosure agreement in the form of

15 Attachment A, a copy of which shall be provided forthwith to

16 counsel for each other party and for the parties.

17     6.   Depositions shall be taken only in the presence of

18 qualified persons.

19     7.   The parties may further designate certain discovery

20 material or testimony of a highly confidential and/or proprietary

21 nature as "CONFIDENTIAL--ATTORNEY'S EYES ONLY" (hereinafter

22 "Attorney's Eyes Only Material"), in the manner described in

23 paragraphs 2 and 3 above.  Attorney's Eyes Only Material, and the

24 information contained therein, shall be disclosed only to the

25 Court, to counsel for the parties (including the paralegal,

26 clerical, and secretarial staff employed by such counsel), and to

27 the "qualified persons" listed in subparagraphs 5(b) through (e)

28 above, but shall not be disclosed to a party, or to an officer,

1   director or employee of a party, unless otherwise agreed or
2   ordered.  If disclosure of Attorney's Eyes Only Material is made
3   pursuant to this paragraph, all other provisions in this order
4   with respect to confidentiality shall also apply.

5       8.   Nothing herein shall impose any restrictions on the use
6   or disclosure by a party of material obtained by such party
7   independent of discovery in this action, whether or not such
8   material is also obtained through discovery in this action, or
9   from disclosing its own Confidential Material as it deems
10  appropriate.

11      ~~9.   If Confidential Material, including any portion of a~~
12  ~~deposition transcript designated as Confidential or Attorney's~~
13  ~~Eyes Only, is included in any papers to be filed in Court, such~~
14  ~~papers shall be labeled "Confidential--Subject to Court Order"~~
15  ~~and filed under seal until further order of this Court.~~ See Rule
16  79-5.

17      10.  In the event that any Confidential Material is used in
18  any court proceeding in this action, it shall not lose its
19  confidential status through such use, and the party using such
20  shall take all reasonable steps to maintain its confidentiality
21  during such use.

22      11.  This Order shall be without prejudice to the right of
23  the parties (i) to bring before the Court at any time the
24  question of whether any particular document or information is
25  confidential or whether its use should be restricted or (ii) to
26  present a motion to the Court under FRCP 26(c) for a separate
27  protective order as to any particular document or information,
28  including restrictions differing from those as specified herein.

-4-

This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12.   This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

13.   This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof within 60 days of the termination of this action.

DATED: August 5, 2011

_____
UNITED STATES MAGISTRATE JUDGE

PRESENTED BY:
ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

 /s/ Jason K. Axe
JASON K. AXE
Assistant United States Attorney

-5-

Attorneys for Defendant
United States of America

Attachment A

<u>NONDISCLOSURE AGREEMENT</u>

    I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in <u>Alice Smithen v. United States of America, et al.,</u> United States District Court for the Central District of California, Civil Action No. CV 09-0414 GW (PJWx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.


DATED: _____

 

                                                   _____